SLIP OPINION

Cite as 2015 Ark. App. 32

# ARKANSAS COURT OF APPEALS

DIVISION I
No. CV-14-770

| | | |
|---|---|---|
| THOMAS ALLMAN | | **Opinion Delivered** January 28, 2015 |
| | APPELLANT | |
| V. | | APPEAL FROM THE WASHINGTON COUNTY CIRCUIT COURT [NO. JV 2012-876-3] |
| ARKANSAS DEPARTMENT OF HUMAN SERVICES AND A.A. AND E.A. | | HONORABLE STACEY A. ZIMMERMAN, JUDGE |
| | APPELLEES | AFFIRMED; MOTION TO WITHDRAW GRANTED |

## RAYMOND R. ABRAMSON, Judge

This appeal arises from an order of the Washington County Circuit Court terminating appellant Thomas Allman's parental rights to his twins, A.A. and E.A. (born May 5, 2010). His attorney has filed a no-merit brief and a motion to be relieved as counsel in accordance with Arkansas Supreme Court Rule 6-9(i)(1) (2013) and *Linker-Flores v. Arkansas Department of Human Services*, 359 Ark. 131, 194 S.W.3d 739 (2004), asserting there is no issue of arguable merit to support the appeal.

Counsel's motion is accompanied by an abstract and addendum of the proceedings below and a brief which lists all adverse rulings made at the termination hearing and explains why there is no meritorious ground for reversal. The clerk of this court sent by certified mail copies of the motion and the abstract, brief, and addendum to appellant at his last known

address, informing him that he had the right to file pro se points for reversal under Arkansas Supreme Court Rule 6-9(i)(3). Appellant has not submitted any pro se points.

A.A. and E.A. were adjudicated dependent-neglected. The trial court established Allman's paternity and held a termination hearing regarding his parental rights. The record shows that Allman did not have stable housing or employment, did not complete a drug-and-alcohol assessment or a psychological evaluation, and that, although appropriate services were offered, Allman failed to make even minimal progress toward completing his case plan and rehabilitating himself.

Having carefully examined the record and the brief presented to us, we find that counsel has complied with the requirements established by the Arkansas Supreme Court for no-merit appeals in termination cases and conclude that the appeal is wholly without merit. Accordingly, we grant counsel's motion to withdraw and affirm the order terminating Allman's parental rights.

Affirmed; motion to withdraw granted.

HARRISON and GLOVER, JJ., agree.

*Suzanne Ritter Lumpkin*, Arkansas Public Defender Commission, for appellant.

No response.